UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEVELAND WILLIAMS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 16 C 5327 |
| DAVID RAINS, Acting Warden, Robinson Correctional Center, | ) ) Judge Rebecca R. Pallmeyer ) ) |
| Respondent. | ) |

### MEMORANDUM OPINION AND ORDER

Cleveland Williams is incarcerated at the Robinson Correctional Center in Robinson, Illinois, serving a ten-year sentence after a conviction in Illinois state court under the Illinois Armed Habitual Criminal statute. 720 ILCS § 5/24-1.7. A person is an "armed habitual criminal" under the statute—a Class X felony—if he or she possesses a firearm after being convicted of two or more offenses in certain categories, including any violation of the Illinois Controlled Substances Act that is a Class 3 felony or greater. Williams has filed this petition under 28 U.S.C. § 2254 for relief from his conviction, arguing that the state court erred by counting a felony against him that he claims was committed by another man. In a previous order, the court requested that Respondent produce the state court records for Williams's underlying convictions.

Upon review of the records, the court denies his petition. There is no basis to challenge the state court's finding that the conviction belonged to Williams. In any event, the records show that Williams has yet another offense that qualifies him as an armed habitual criminal under the statute.

**BACKGROUND**

I. **Williams's conviction**

In December 2010, Cleveland Williams was convicted under the Illinois Armed Habitual Criminal statute after an October 2009 arrest in which he was found to be carrying a firearm. *See* Jury Trial Verdict, *People v. Williams*, No. 09 CR 21635 (Ill. Cir. Ct. Dec. 8, 2010), Ex. A to State Ct. R. [12-1 at p. 131].[1] Williams was filling his vehicle's gas tank at a gas station when a police officer stopped and searched him, discovering a handgun in his waistband.[2] OSAD *Finley* Br. at 1–2, *People v. Williams*, No. 1-13-2973 (1st Dist. Nov. 17, 2014), Ex. M to State Ct. R. [12-13 at p. 5]. In Illinois, a person previously convicted of two felonies under the Illinois Controlled Substances Act of Class 3 or more severe—meaning a Class 2, Class 1, or Class X—who is then convicted of possessing a firearm has committed the offense of "being an armed habitual criminal," a Class X felony. 720 ILCS § 5/24-1.7. Williams stipulated at his trial that he had been convicted of two qualifying felonies (Trial Tr. Vol. III at O-194, *People v. Williams*, No. 09 CR 21635 (Ill. Cir. Ct. Dec. 8, 2010), Ex. D. to State Ct. R. [12-4]), and instead primarily contested that he possessed the firearm at the time of his arrest. (*Id.* at O-204–07.) The jury returned a verdict of guilty. *See* Jury Trial Verdict, *People v. Williams*, No. 09 CR 21635 (Ill. Cir. Ct. Dec. 8, 2010).

At sentencing, Williams's attorney, Mark Kusatzky, acknowledged that Williams had three qualifying felonies under the armed habitual criminal statute: state court docket numbers 00 CR 22744, 97 CR 16438, and 97 CR 17607. (Tr. of Sentencing Hearing at R-3–4, *People v. Williams*, No. 09 CR 21635 (Ill. Cir. Ct. Feb. 8, 2011), Ex. E to State Ct. R. [12-5 at p. 9].) Later in the hearing, however, Williams spoke up, and remarked that he had "no knowledge [of] those

---

[1] The record in this case is voluminous. For ease of locating documents in group exhibits, the bracketed portion of the citation contains the docket number and the first page upon which the document appears in the exhibits grouped under that number.

[2] At his trial, Williams moved to quash this arrest as unlawful, but the court denied that request. (Tr. of Mot. Hearing at F-29, *People v. Williams*, 09 CR 21635 (Ill. Cir. Ct. Mar. 11, 2010), Ex. L to State Ct. R. [12-2 at p. 37].)

2

crimes," and had only "been to the penitentiary for a Class 1 and a Class 4." (*Id.* at R-13.)[3] Kusatzky again pointed to the "two '97 and 2000 files," which, he stated on the record, he had shown Williams. (*Id.* at R-14.) Williams did not contradict his attorney, and instead simply thanked the court for the review of the record and made a short, personal appeal for a shorter sentence. (*Id.*) The court sentenced him to ten years, with three years' mandatory supervised release. (*Id.* at R-16.)

II.     **Procedural history**

Williams appealed his sentence to the Illinois Appellate Court. *See* Appellant Br., *People v. Williams*, No. 1-11-0592 (1st Dist. Feb. 23, 2012), Ex. F to State Ct. R. [12-6]. Through counsel from the Office of the State Appellate Defender ("OSAD"), he argued that the Illinois Armed Habitual Criminal statute violates the Second Amendment and the *ex post facto* clauses of the Illinois and United States constitutions. (*Id.*) The appellate court affirmed the sentence, *People v. Williams*, 2012 IL App (1st) 110592-U, and the Illinois Supreme Court denied Williams leave to further appeal, *People v. Williams*, No. 115314, 982 N.E.2d 774 (Table) (Ill. Jan. 30, 2013), Ex. Q to State Ct. R. [12-17].

Williams subsequently filed a *pro se* petition for post-conviction relief under 725 ILCS § 5/122-1 in his state court case. There, for the first time, he argued that Kusatzky was ineffective for stipulating to the existence of Williams's convictions, one of which—case number 00 CR 22744—was not his.[4] Pet. for Post-Conviction Relief at 1–2, *People v. Williams*, No. 09 CR 21635 (Ill. Cir. Ct. Jun. 13, 2013), Ex. L to State Ct. R. [12-12 at p. 34]. He also argued that the conviction was improper because the 00 CR 22744 case was attributed to him, *id.* at 4, an argument that Respondent in this case has characterized as a due process challenge. (*See*

---

[3]     There is no obvious inconsistency in Williams having three convictions but having served time in prison twice: a person who is convicted of a felony may be sentenced only to probation or time served. As discussed below, the court believes that this is what in fact occurred in Williams's case.

[4]     Williams made numerous other arguments in his petition for post-conviction relief, but they were not included in the petition before this court.

3

Answer to Habeas Pet. [11], at 2.) The trial court found the petition "frivolous and patently without merit" and summarily dismissed it. *People v. Williams*, No. 09 CR 21635 (Ill. Cir. Ct. Aug. 23, 2013), Ex. L to State Ct. R. [12-12 at p. 52]; *see also* 725 ILCS 5/122-2.1(a)(2) (authorizing summary dismissal of post-conviction petitions on a finding of frivolousness).

Williams appealed the denial, and OSAD was appointed but moved to withdraw after Williams's attorney determined that an appeal would have no arguable merit. OSAD *Finley* Br. at 1 (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). Williams filed several written responses in opposition to OSAD's motion to withdraw, *see generally* Group Ex. N to State Ct. R. [12-14], the third of which was a full brief setting out his substantive arguments in the case, Appellant Br., *People v. Williams*, No. 1-13-2973 (1st Dist. Jan. 27, 2015), Ex. N to State Ct. R. [12-14 at p. 5]. In his brief, Williams argued that the Illinois Armed Habitual Criminal statute violates the Second Amendment (as OSAD had argued on his behalf in his direct appeal), that his due process rights were violated by the trial court's erroneous use of a conviction that was not his, *id.* at 1, and that his trial counsel was ineffective in stipulating to the convictions, *id.* at 5. The appellate court granted OSAD's motion to withdraw, and affirmed the trial court's judgment, in a short opinion: the court noted only that "We have carefully reviewed the record in this case, the aforesaid memorandum [OSAD's memorandum], and defendant's responses and find no issues of arguable merit." *People v. Williams*, No. 1-13-2973 (1st Dist. Oct. 17, 2013), Ex. O to State Ct. R. [12-15]. The Illinois Supreme Court again denied Williams leave to appeal. *People v. Williams*, No. 119116 (Ill. Sept. 30, 2015), Ex. Q to State Ct. R. [12-17].

In this action, filed in April 2016, Williams seeks habeas corpus relief, asserting (1) that Kusatzky provided ineffective assistance by stipulating to the convictions, and (2) that Williams's constitutional right to due process was violated by his sentencing on the basis of a conviction that was not his. (*See generally* Pet. for Habeas Corpus [1].) In a previous ruling, the court determined that the state-court records for two of Williams's three supposedly qualifying convictions were necessary to evaluate his claims. (Order (May 11, 2017) [16].) Those records

4

are now before the court. Williams has not overcome the presumption that the state courts were correct in finding that the conviction in case number 00 CR 22744 was his, nor has he explained why another of the three felony convictions, case number 97 CR 16438, should not serve as a qualifying offense under the statute. The court accordingly denies the petition.

## **DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the standards for granting federal habeas corpus relief from a state-court conviction and sentence. *See* 28 U.S.C. § 2254. Under § 2254(d), a habeas petitioner cannot prevail on a claim that was previously adjudicated on the merits in state court unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *see Pruitt v. Neal*, 788 F.3d 248, 263 (7th Cir. 2015). Federal review of a state court's decision is highly deferential, and the state court's decision will not be disturbed as long as it is objectively reasonable. *Pruitt*, 788 F.3d at 263. A state court's decision is reasonable if it is "minimally consistent with the facts and circumstances of the case." *Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002). And a federal court will not review the merits of a habeas corpus petition unless the petitioner has exhausted all remedies available in state court and has not procedurally defaulted his claims. *McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013).

Williams asserts two bases for relief: first, that the state courts failed to recognize that his conviction violated his constitutional right to due process; and second, that his counsel was constitutionally ineffective for stipulating to the qualifying convictions. (*See generally* Pet. for Habeas Corpus.) A petitioner claiming ineffective assistance of counsel must demonstrate that "(1) that his counsel's performance fell below an objective standard of reasonableness; and, (2) that his counsel's deficient performance prejudiced his case . . . ." *Ward v. United States*,

858 F.3d 1072, 1074 (7th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Both the due process and ineffective assistance claims face numerous hurdles, but the court need address only one: whether Williams in fact had two qualifying convictions under the Illinois Armed Habitual Criminal statute. *See Aleman v. Sternes*, 320 F.3d 687, 691 (7th Cir. 2003) (habeas court may address non-jurisdictional issues in "whatever sequence seems best"). The court finds that Williams does have two qualifying felony convictions, and his petition is therefore denied.

The court makes this determination without an evidentiary hearing; to the extent that the factual basis for Williams's claim has not been fully investigated, he was obligated to develop the factual record in the state court proceedings. 28 U.S.C. § 2254(e)(2). Williams relies solely on the record before the court, and does not argue that either exception to the 2254(e)(2) rule against holding a hearing applies. *See id.*

I.  **Exhaustion**

Petitioners for habeas corpus relief must present their federal constitutional claims to state courts before raising them in a habeas petition. 28 U.S.C. § 2254(b)(1)(A). Claims must be presented in one "full round of state court review," arguing and appealing the claim as far as state procedure will permit. *Blackmon v. Williams*, 823 F.3d 1088, 1100 (7th Cir. 2016). In its earlier order, the court determined that Williams had exhausted his claim that his trial counsel was ineffective. (Order (May 11, 2017) [16].) Williams has exhausted his due process claim, as well; Respondent concedes that Williams raised this argument in his post-conviction petition (Answer at 2), which Williams pursued until the Illinois Supreme Court denied him leave to appeal. *People v. Williams*, No. 119116, (Ill. Sept. 30, 2015), Ex. Q to State Ct. R. [12-17]. This opinion considers both theories of relief, but because the factual predicate for both is the same, the court need only discuss whether the underlying convictions qualified Williams as an armed habitual criminal.

6

## II. The State Court Did Not Err in Finding That Case Number 00 CR 22744 Belongs to Williams

At sentencing, Kusatzky acknowledged that Williams had three previous qualifying offenses: case numbers 00 CR 22744, 97 CR 16438, and 97 CR 17607. (Tr. of Sentencing Hearing at R-3.) Williams concedes[5] that one of these offenses, 97 CR 17607, is a predicate felony under the statute: he was convicted in 1997 of manufacture or delivery of a controlled substance under 720 ILCS 570/401(d), a Class 2 felony. (Chicago Police Dep't Criminal History Report, Cleveland Williams [hereinafter CPD Criminal History] [12-1 at p. 41], at 16.) But Williams contends that another conviction in his record, 00 CR 22744, is not his case at all. The last conviction, 97 CR 16438, goes unexamined by the parties, though the court finds it relevant and considers it in the next section.

The parties' attention is aimed at 00 CR 22744. In that case, Williams was arrested on August 14, 2000 for possession of approximately .5 grams each of cocaine and heroin. (Chicago Police Arrest Report L.R. No. 1149664 (Aug. 14, 2000), Ex. S to State Ct. R. [17-2 at p. 65].) Williams admits he was arrested on that day (Pet'r Reply [13], at 2), and that he used the name "Cleveland Willis" at the time of the arrest (*see* Arrest Report No. 1149664). The state filed a criminal case against him under that name. Certified Statement of Conviction/Disposition, *People v. Cleveland Willis*, No. 00 CR 1138625 (Ill. Cir. Ct. Aug. 15, 2000), Ex. S to State Ct. R. [17-2 at p. 63]. Two charges initially stemmed from this arrest: two counts of simple possession under 720 ILCS 570/402(c), a Class 4 felony. *Id.* After a finding of probable cause by the Cook County branch court, the case was transferred to Williams's trial judge. *Id.* A new case number was assigned to the case and the state's attorney filed a superseding information, charging Willis with possession with intent to manufacture or deliver under 720 ILCS 570/401(d), a Class 2 felony. Information, *People v. Cleveland Willis*, No. 00 CR 22744 (Ill. Cir. Ct. Sept. 14, 2000),

---

[5] Williams has consistently agreed that he has at least one qualifying felony. (Tr. of Sentencing Hearing at R-13.) None of his submissions to this court contest the applicability of 97 CR 17607 as a predicate offense. (*See* Pet. for Habeas Corpus; Pet'r Reply.)

7

Ex. S to State Ct. R. [17-2 at p. 135]. It is this case, bearing the number 00 CR 22744, on which Williams/Willis was ultimately convicted.

Williams takes an entirely different view of these facially routine proceedings. He claims that there were two people named "Cleveland Willis" in custody on similar charges at the same time. Williams believes that the earlier-filed case—the one that properly belonged to him—was inadvertently "merged" with the later-filed case—the one that belonged to the other man, Willis—after the other defendant failed to appear for a court date on April 27, 2001, and a warrant was issued for Willis's arrest. (Pet'r. Reply at 2–3); Certified Statement of Conviction/Disposition at 2, *People v. Cleveland Willis*, No. 00 CR 22744 (Ill. Cir. Ct. 2002) [hereinafter "00 CR 22744 Case Docket"], Ex. S to State Ct. R. [17–2 at p. 161]. But it was Petitioner Williams that was arrested on that warrant on May 4, 2001, he claims, and thereafter the two cases were mistakenly merged. (Pet'r Reply 3.) The records show that a bench trial occurred on December 29, 2001 (00 CR 22744 Case Docket at 4), but Williams claims this was a trial for Willis,[6] and Williams was not there. (Pet'r Reply 5.) Instead, Williams asserts that he entered a plea of guilty on the charges against him, and was sentenced on March 2, 2002. (Pet. for Habeas Corpus at 9.)

There is no substantial evidence in the record that this merger occurred, nor is there evidence that Williams pleaded guilty in the 00 CR 22744 case. The sole evidence that any activity in the case occurred on March 2 is in Williams's Illinois State Criminal History Report, which confirms only that he was sentenced in the 00 CR 22744 case on March 2. (*See* Illinois State Criminal History Report, attached to Pet'r Reply [13 at p. 16], at 25.) That date is not reflected in the 00 CR 22744 docket or the judge's notes, however. Instead, those records reflect that Williams was sentenced on March 1, 2002. Judge's Half Sheet, *People v. Cleveland Willis*, No. 00 CR 2274401 (Ill. Cir. Ct. 2002), Ex. S to State Ct. R. [17-2 at p. 33]; 00 CR 22744

---

[6] If Williams's account of events were correct, Willis was either picked up on a warrant which is not recorded in the docket, or voluntarily appeared at future court dates.

Case Docket at 4. Sheriff's records also show that Williams—using his real name—was taken into custody by the Cook County Sheriff on March 1, 2002. (Cook County Sheriff's Office, Booking Card (Apr. 3, 2014) [12-16 at p. 19].) On the booking card, there is a notation that Williams was "ship[ped] to IDOC" on March 2, 2002, which Williams claims is the date of his sentencing. (*See id.*) To the extent that there is any minor discrepancy between Williams's Illinois criminal history record and the records of the case itself. it provides no basis for a conclusion that another Cleveland Willis exists, or that Williams is improperly being held accountable for that man's conviction.

As further evidence for his theory that two cases merged—meaning that the conviction reflected in 00 CR 22744 does not belong to him—Williams points out that even after he was arrested when Willis missed a court date, Williams was again released on bond, and the bond was reinstated. (00 CR 22744 Case Docket at 2–3.) The court would not have reinstated the bond, Williams seems to believe, unless the error that he describes actually occurred. The court does not share that belief. When Williams was brought into court on May 4, 2001, Judge Simmons's notes do not reflect anything out of the ordinary: only that Williams was now in custody, and that he was present before the court. (Judge's Half Sheet [17-2 at p. 29] (noting "CPP," or "custody, prisoner present").) On the day that the bond was reinstated, Judge Simmons merely noted "D bond to stand." Judge's Half Sheet [17-2 at p. 30] (referring to cash bond for which the arrestee must post 10%). With no evidence in the state court record that the wrong person was arrested, there is no support for the conclusion that Williams's bond was reinstated because that error occurred. Instead, the court may simply have reinstated the bond because it concluded that was the appropriate penalty for his first failure to appear in the case.

Other factors amply support the conclusion that the 00 CR 22744 conviction did belong to Williams. There is no arrest report for the other Willis, only the report on the day that Williams admits he was arrested, in which he used the name "Willis." (*See* Pet'r Reply 2; *see also* Chicago Police Arrest Report L.R. No. 1149664.) Williams does not clearly dispute that the

9

August 14, 2000 arrest report is his arrest.[7] If the matter is disputed, the court is satisfied that the report describes Williams's arrest: Williams filed a "record challenge" with the Illinois State Police (the record does not disclose exactly when), and, in response, a senior fingerprint technician verified that the fingerprints on the August 14, 2000 arrest in the 00 CR 22744 case matched the fingerprints Williams produced to access the records. (Letter from Lt. John Rattigan to Albert Woods (Feb. 7, 2014), Ex. S to State Ct. R. [17-2 at p. 20].) That arrest report bears the incident number 1149664, which is the incident number associated with the 00 CR 22744 case. *E.g.* Criminal Disposition Sheet, Case No. 00CR2274401 (Feb. 06, 2015), Ex. S to State Court R. [17-2 at p. 73) (showing "IR # 1149664").

Finally, it is somewhat implausible to believe that Williams would have pleaded guilty in order to secure a three-year sentence, as he claims he did. Appellant's 2d *Finley* Resp. at 2, *People v. Williams*, No. 1-13-2973 (1st Dist. Dec. 31, 2014), Ex. N to State Ct. R. [12-14 at p. 3]. Three years is typically the maximum penalty on a Class 4 felony. *See* 730 ILCS 5/5-4.5-45(a). Instead, it is far more likely that it was Williams who was found guilty at the bench trial on a Class 2 felony charge, with a resulting sentence of three years.

It is difficult to prove this negative: that the other Willis did not exist, and that Williams never entered a plea of guilty. But that is not Respondent's burden here. Instead, Williams must prove that the state court unreasonably determined the facts or unreasonably applied the law, and there is simply no trace in the record of the monumental error that Williams describes. Accordingly, the court concludes that the state courts did not unreasonably determine that the

---

[7] Without specifically acknowledging the arrest report, Williams admits he was arrested on August 14, 2000, and that he was carrying the substances described in that report. (Pet'r Reply 2.) He also believes that the case which followed that arrest report, case number 00 CR 1138625, is the one in which he properly was charged with a Class 4 felony (it is this case that, he believes, erroneously merged with 00 CR 22744). (*Id.*) Both the arrest report and case number 00 CR 1138625 bear the name "Willis."

00 CR 22744 conviction was a qualifying offense under the Illinois Armed Habitual Criminal statute, and that Williams's attorney adequately represented him on this issue.[8]

### III.     97 CR 16438 Is Also a Qualifying Felony

Neither the Respondent nor Williams discuss an additional offense which was mentioned at Williams's sentencing, and which also qualifies under the statute: 97 CR 16438.  Perhaps confusion arose from the fact that Williams was sentenced on that offense on the same day— July 25, 1997—as 97 CR 17607, the Class 2 felony conviction for delivery of controlled substances under 720 ILCS 570/401(d) which Williams does not contest.  *See* Order, *People v. Julius Williams*, Nos. 97 CR 16438 & 97 CR 17607 (Ill. Cir. Ct. Jul. 25, 1997), Ex. R to State Ct. R. [17-1 at p. 9] (noting both sentences entered); CPD Criminal History 16.)  In 97 CR 16438, Williams was sentenced only to 30 months of probation, while the 97 CR 17607 offense carried a sentence of five years' prison time.  *Id.*  Williams's charge in 97 CR 16438, however, was also delivery of a controlled substance under 720 ILCS 570/401(d), a Class 2 felony.  Indictment (June 13, 1997), *People v. Julius Williams*, 97 CR 16438, Ex. R to State Ct. R. [17-1 at p. 20], at 2.[9]  In the 97 CR 16438 case, Williams pleaded guilty to a "DCS Class 2," which the court takes to mean that he pleaded guilty to the distribution of controlled substances charge.  Judges' Half Sheet, *People v. Julius Williams*, No. 97 CR 16438 (Ill. Cir. Ct. 1997) [17-1 at p. 7]; Order– Sentence of Probation, *People v. Julius Williams aka Cleveland Williams*, No. 97 CR 16438 (Ill. Cir. Ct. 1997) [17-1 at p. 2] (Ill. Cir. Ct. Jul. 25, 1997).

---

[8]     Williams also filed a motion which relies on this same factual premise, arguing that the Illinois court lacked subject matter jurisdiction over him because the court used the records of Cleveland Willis to sentence him. (Pet'rs 28 U.S.C. 12(b)(1) Motion [14].)  The court has resolved these factual questions against Williams, and need not reach the legal defects in the motion to deny it.

[9]     This court ordered the 97 CR 16438 file produced because Williams's criminal history indicated that the charge had been amended.  (Chicago Police Dep't Criminal History, Ex. A to State Ct. R. [12-1 at p. 41], at 15.)  It appears that the charge was superseded by a direct indictment on the same charge, bypassing the preliminary hearing process, but the charge remained the same.  Case Information Doc. for CCDOC, *People v. Julius Williams*, 97 CR 16438, Ex. R to State Ct. R. [17-1 at p. 18].

11

Though Williams was sentenced to probation in 97CR 16438, such a sentence must be based on a conviction under Illinois law. *People v. Thompson*, 328 Ill. App. 3d 360, 365, 765 N.E.2d 1209, 1213 (2d Dist. 2002) (noting that defendant's prior DUI "resulted in a sentence of probation, which had to be based on a conviction"). These two Class 2 felony convictions alone—97 CR 16438 and 97 CR 17607—qualify Williams as an armed habitual criminal under the Illinois statute.

Because Williams has not two but three qualifying convictions, his constitutional rights have not been violated by his sentencing under the Illinois Armed Habitual Criminal statute. Accordingly, his petition for habeas corpus is denied.

### III.   Certificate of Appealability

As a final matter, the court must determine whether to issue a certificate of appealability ("COA"). A COA is appropriate only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant has made that showing where "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Williams's claim has no meaningful basis in the record beyond his own assertions. For this reason, the court believes that no reasonable jurist would debate the holding here, and the COA is denied.

### **CONCLUSION**

For the reasons above, Williams's petition for habeas corpus is denied. His motion regarding the state court's lack of subject matter jurisdiction [14] is denied, and his motion for a ruling on that motion is stricken as moot [15]. A certificate of appealability is denied.

ENTER:

Dated:      September 18, 2017          _____
REBECCA R. PALLMEYER
United States District Judge